103 F.3d 140
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Adrian SALINAS; Suny Neyra, individually & as the
successors in interest of Jorge Luis Salinas,
deceased, Plaintiffs-Appellants,
v.
Ted COOKE; Mike Balkman; Albert Vera; Jozelle Smith;
Steven Gourley; James D. Boulgarides; Jody Hall-Esser, &
Fifty (50) Unknown Named Officers of the Culver City Police
Department, all in both their official & individual
capacities; City of Culver City, only in its official
capacity; Kevin Hall; Curtis Massey, et al. Defendants-Appellees.
 No. 95-55832.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 5, 1996.
Decided Nov. 25, 1996.
 
 1
 Before: FERNANDEZ and HAWKINS, Circuit Judges, and SCHWARZER, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Adrian Salinas and Suny Neyra, the parents of decedent Jorge Salinas, appeal the dismissal of their action against the City of Culver City, certain city officials, and certain police officers. Salinas's parents allege that the arrest and subsequent death of Salinas violated his, and their, constitutional rights because the officers used hobble restraints when they arrested him. The officers asserted the defense of qualified immunity and were granted summary judgment on that issue. Salinas's parents appeal.
 
 
 4
 1. We agree with the district court that the officers are entitled to qualified immunity. Qualified immunity is designed to protect all officers except those who knowingly violate the law and those who are plainly incompetent. See Anderson v. Creighton, 483 U.S. 635, 638, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987). Thus, an official will be immune unless the "contours of the right" are "sufficiently clear that a reasonable officer would understand that what he is doing violates that right." Id. at 640, 107 S.Ct. at 3039. That does not mean that the precise action in question must already have been held unlawful.
 
 
 5
 The qualified immunity inquiry is twofold. First, "[w]as the law governing the official's conduct clearly established?" Act Up!/Portland v. Bagley, 988 F.2d 868, 871 (9th Cir.1993). If not, immunity follows. See Chew v. Gates, 27 F.3d 1432, 1449 n. 19 (9th Cir.1994), cert. denied, --- U.S. ----, 115 S.Ct. 1097, 130 L.Ed. 1065 (1995). Second, "[u]nder that law, could a reasonable officer have believed the conduct was lawful?" Act Up!, 988 F.2d at 871. That determination is made on an objective, not a subjective, basis. See Anderson, 483 U.S. at 641, 107 S.Ct. at 3040.
 
 
 6
 The district court decided that since there had not been any agreement among academic authorities that hobble restraints, as used here, would cause death and since no cases had yet declared that use of those restraints amounted to excessive force, the law was not clearly established.
 
 
 7
 In general, there is no requirement that a court have previously ruled on the very device or act in question. See Mendoza v. Block, 27 F.3d 1357, 1361-62 (9th Cir.1994). The contours of a right to be free from the use of a device or method which constitutes deadly force are clear when the person against whom that force is used is not a danger to the officers or others. See Tennessee v. Garner, 471 U.S. 1, 3, 105 S.Ct. 1694, 1697, 85 L.Ed.2d 1 (1985); Mendoza, 27 F.3d at 1361; cf. Maddox v. City of Los Angeles, 792 F.2d 1408, 1414 (9th Cir.1986). Under the circumstances, we are satisfied that the officers should have known that they could not use deadly force against Salinas. That places this case at the line which divides the first Act Up! inquiry from the second one.
 
 
 8
 On the one hand, it could be said that it was not clearly established that any right of Salinas would be violated by this use of hobble restraints because their use in this manner had not been declared to be deadly force by the courts, by the consensus of academics, or by the law enforcement community in general. See Chew, 27 F.3d at 1449 & n. 19.
 
 
 9
 On the other hand, it could be said that the use of hobble restraints in the manner they were used here is a form of deadly force, and the law is clearly established that deadly force could not be used under the circumstances of this case. See Mendoza, 27 F.3d at 1362. That would move the inquiry to the second level, but even then the lack of case authority regarding use of these or similar devices and the absence of scientific or law enforcement agreement about the use of restraints in that way would indicate that a reasonable officer could have believed that his conduct was lawful.[1] See Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir.1995).
 
 
 10
 The district court made its decision at the former level--the first Act Up! inquiry. We think that for present purposes it makes no real difference whether the first or second level of inquiry is the proper one. In either event, it cannot be said that the officers were either knowing law violators or plainly incompetent. In either event, the officers were entitled to qualified immunity.[2]
 
 
 11
 2. It is not necessarily, or even particularly, the case that a grant of qualified immunity to officers will lead to a determination of non-liability on the part of a city. See Grossman v. City of Portland, 33 F.3d 1200, 1209 n. 18 (9th Cir.1994); Chew, 27 F.3d at 1444-46. However, on appeal Salinas's parents have not actually argued for the separate liability of the City or others not directly involved in the arrest and handling of Salinas. Instead, they have, essentially, asked to preserve their rights against the City and others in the event that we reverse as to the on-the-scene actors themselves. Thus, Salinas's parents have waived any further issue in that regard. See United States v. Vought, 69 F.3d 1498, 1501 (9th Cir.1995). Because we affirm the district court's determination of qualified immunity, we also affirm as to the City and the others.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We, of course, recognize that even in the qualified immunity area there can be factual disputes which must be resolved by a jury. See Act Up!, 988 F.2d at 873. There was a dispute here about just how dangerous the hobble restraints were under the circumstances. But what the evidence showed was a condition of such uncertainty that "the facts alleged could support a reasonable belief" that the use was appropriate. Id
 
 
 [2]
 Of course, the unfortunate fact that Salinas died and that his death might have been caused, in part, by the use of the hobble restraints does not itself establish that the force used was deadly or unreasonable, or that it should have been known to be so. See Forrester v. City of San Diego, 25 F.3d 804, 808 n. 4 (9th Cir.1994), cert. denied, --- U.S. ----, 115 S.Ct. 1104, 130 L.Ed.2d 1070 (1995)